LAW OFFICES OF THOMAS J. KELLEY & ASSOCIATES
CHRIS J. CARLING, ESQUIRE                    ATTORNEY FOR DEFENDANT
IDENTIFICATION NO. 90411
50 GLENMAURA NATIONAL BOULEVARD
SUITE 300 – GLENMAURA PLAZA
MOOSIC, PA 18507
(570) 343-6570

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Shirley Dorshimer and Robert Dorshimer,   Plaintiffs | : : : | |
| | : | CIVIL ACTION LAW |
| v. | : : | JURY TRIAL DEMANDED |
| Zonar Systems, Inc.,   Defendant | : : : | (Judge Mannion) |
| v. | : | Electronically Filed |
| Velociti, Inc.,   Third-Party /Additional Defendant | : : | No. 3:13-cv-00553-MEM |

**THIRD-PARTY/JOINDER COMPLAINT AGAINST VELOCITI, INC.,
FILED BY THE ORIGINAL DEFENDANT, ZONAR SYSTEMS, INC.**

AND NOW, comes the Original Defendant, Zonar Systems, Inc., by and through its undersigned counsel, and hereby files the instant Third-Party/Joinder Complaint against Velociti, Inc. as follows.

1.   The Plaintiffs filed a Complaint against the Original Defendant, Zonar Systems, Inc., on January 28, 2013 in the Court of Common Pleas of Monroe County, Pennsylvania.

2.   Thereafter, this matter was removed to the United States District Court for the Middle District of Pennsylvania.

3.   In short, the Plaintiffs allege that the Original Defendant was negligent and/or strictly liable with regard to the design, manufacture, marketing and sale of an electronic vehicle inspection system, which was sold by the Original Defendant to the Plaintiff-wife's employer. The Plaintiffs further allege that the position of the subject unit within the school bus operated by

the Plaintiff-wife was inappropriate and such position ultimately caused the Plaintiff-wife to fall and suffer various physical injuries. (A true and correct copy of the Plaintiffs' Complaint is attached hereto as Exhibit "A.")

4. The Original Defendant denies any and all liability in this matter. Moreover, the Original Defendant denies that the subject unit was placed in an improper and unsafe location within the subject school bus, however, to the extent that a Jury ever determines that the Original Defendant is liable and/or that the placement of the subject unit was improper, the Original Defendant avers as follows.

5. Upon information and belief, the Additional Defendant/Third-Party Defendant, Velociti, Inc., entered into an agreement with the Plaintiff-wife's employer and/or the owner of the subject school bus to install the subject unit inside of the bus.

6. The Original Defendant was not a party to the aforementioned contract, and as such, it had no duty with regard to the placement and/or installation of the subject unit and had no control over Velociti, Inc., the Plaintiff-wife's employer or the owner of the school bus with regard to the placement and/or installation of the subject unit.

7. Further, the Original Defendant had no duty to select the location of the subject unit and had no control over Velociti, Inc., the Plaintiff-wife's employer or the owner of the school bus as it relates to the location of the subject unit within the school bus.

8. The subject unit was designed and manufactured appropriately and did not require placement at the subject location.

9. The subject unit was designed and manufactured so that it could be placed/installed safely within the interior of a school bus without causing a dangerous condition as alleged by the Plaintiffs.

10. The Original Defendant did not install the subject device and did not mandate the location of the subject device.

11. The Original Defendant had no duty with regard to the placement/installation of the subject unit.

12. Rather, any acts, or omissions, relating to the placement and/or installation of the subject unit were the responsibility of Velociti, Inc.

13. Velociti, Inc. had the duty to properly place and/or install the subject unit within the interior of the school bus such that the intended driver(s) of the bus, including the Plaintiff-wife, would not be injured while using, or attempting to use, the subject device.

14. It was reasonably foreseeable that the Plaintiff-wife, or any operator of the subject bus, could have been injured as the result of improper placement/installation of the subject unit

15. At all times material herein, Velociti, Inc. breached its duty to the Plaintiffs in that it negligently and carelessly placed and/or installed the subject unit over the entrance of the subject school bus, as described within the Plaintiffs' Complaint.

16. Further, Velociti, Inc. breached its duty to the Plaintiffs by failing to select a safer alternative for the placement of the subject unit within the school bus.

17. Further, Velociti, Inc. breached its duty to the Plaintiffs by failing to warn the Plaintiff-wife, or her employer, of the dangers associated with its placement of the subject unit over the entrance of the bus.

18. Velociti, Inc. knew, or, in the exercise of reasonable care, should have known, that its placement of the subject unit over the entrance of the bus created a dangerous condition which could lead to injury of an intended driver of the subject bus, including the Plaintiff-wife.

19. As a direct and proximate cause of the negligence and carelessness of Velociti, Inc., the Plaintiff suffered injuries and losses, as described within the Complaint.

20. Any losses or damages sustained by Plaintiffs as a result of the subject incident, which losses or damages are specifically denied, were caused exclusively by and are the sole

responsibility of Velociti, Inc. for reasons including the improper placement/installation of the subject device at the location described within the Plaintiffs' Complaint.

21. If the Original Defendant is ever deemed liable to the Plaintiffs for all or part of the alleged losses or damages, then Velociti, Inc. is solely liable to Plaintiffs and/or liable to the Original Defendant by way of joint and several liability, contribution and/or indemnity and/or liable over to the Original Defendant.

WHEREFORE, the Original Defendant, Zonar Systems, Inc., demands judgment against the Additional Defendant/ Third-Party Defendant, Velociti, Inc., for all sums that may be awarded in favor of the Plaintiffs.[1]

        Respectfully Submitted:

        Thomas J. Kelley & Associates

        By: */s/ Chris J. Carling*
           Chris J. Carling, Esquire
           Attorney for the Original Defendant,
           Zonar Systems, Inc.

---

[1] This demand includes that of sole liability of Velociti, Inc. to the Plaintiffs. In addition, Velociti, Inc. is jointly and severally liable and/or liable over to the Original Defendant for any recovery that may be obtained by the Plaintiffs.

LAW OFFICES OF THOMAS J. KELLEY & ASSOCIATES
CHRIS J. CARLING, ESQUIRE                ATTORNEY FOR DEFENDANT
IDENTIFICATION NO. 90411
50 GLENMAURA NATIONAL BOULEVARD
SUITE 300 – GLENMAURA PLAZA
MOOSIC, PA 18507
(570) 343-6570

..................................................................................................................................................

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Shirley Dorshimer and Robert Dorshimer, | : | |
| Plaintiffs | : | |
| | : | CIVIL ACTION LAW |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| Zonar Systems, Inc., | : | |
| Defendant | : | (Judge Mannion) |
| | : | |
| v. | : | Electronically Filed |
| Velociti, Inc., | : | |
| Third-Party /Additional Defendant | : | No. 3:13-cv-00553-MEM |

..................................................................................................................................................

## CERTIFICATE OF SERVICE

I, Chris J. Carling, Esquire, hereby certify that on April 29, 2012 I served a true and correct copy of Third-Party/Joinder Complaint Against Velociti, Inc., Filed By The Original Defendant, Zonar Systems, Inc. upon the following individuals via electronic filing:

James Conaboy, Esquire
Abrahamsen, Conaboy & Abrahamsen, P.C.
1006 Pittston Avenue
Scranton, PA 18505

Kevin J. Ruane, Esquire
Hendrzak & Lloyd
3701 Corporate Parkway, Suite 100
Center Valley, PA 18034

            Thomas J. Kelley & Associates

            By: _/s/ Chris J. Carling_____
              Chris J. Carling, Esquire
              Attorney for the Original Defendant,
              Zonar Systems, Inc.