**WILLIAM J. FERREN & ASSOCIATES**
MICHAEL J. DOMANISH, ESQUIRE
IDENTIFICATION NO. 75932
50 GLENMAURA NATIONAL BOULEVARD
SUITE 300 – GLENMAURA PLAZA
MOOSIC, PA 18507

Attorney for Defendant
Zonar Systems, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Shirley and Robert Dorshimer | : | CIVIL ACTION – LAW |
| | : | |
| Plaintiffs | : | JURY TRIAL DEMANDED |
| vs. | : | |
| | : | |
| Zonar Systems, Inc. | : | (Judge Malachy E. Mannion) |
| Defendant | : | Electronically Filed |
| vs. | : | |
| | : | |
| Velociti, Inc. | : | |
| | : | Docket #: 3:13-cv-00553 MEM |
| Additional Defendant | : | |

**DEFENDANT, ZONAR SYSTEMS, INC., MOTION IN LIMINE TO PRECLUDE
EXPERT EVIDENCE/TESTIMONY REGARDING ISSUES OF FACT**

NOW COMES Defendant, Zonar Systems, Inc., by and through their undersigned counsel, William J. Ferren & Associates and Michael J. Domanish, Esq., and files the within Motion in Limine to preclude any expert evidence or testimony regarding factual issues and avers:

1.      The case arises out of an incident that is alleged to have occurred on August 30, 2010.  The Plaintiff alleges that on that date, she was injured in the course and scope of her employment as a school bus driver for First Student when she fell out of her bus.

2.      More specifically, Plaintiffs allege that a device manufactured by Zonar used to conduct pre- and post-trip vehicle inspections by bus drivers had been mounted in her bus in a location above the windshield and over the steps, such that she was placed in an awkward and unstable position when reaching for it.

1

3.     In support of their position on liability, Plaintiff has presented an expert report from Harold A. Schwartz, P.E. (See Exhibit A.)  It is anticipated that Mr. Schwartz would be called to testify in conformity with his report at trial.  Within his report, Mr. Schwartz sets forth opinions regarding bases for liability against Moving Defendant that he indicates are "to a reasonable degree of engineering certainty."

4.     On Page 2 of 5 of his report, Mr. Schwartz concludes that Zonar was responsible for the unsafe mounting location of the handheld device, "(a)lthough Zonar did not physically install the units, they were responsible to ensure that they were properly installed by Velociti under their Contract and the guidelines provided by Zonar."  (See Exhibit A, Page 2 of 5.)

5.     It is undisputed that Moving Defendant did not have a written "contract" or agreement with either Co-Defendant Velociti or Plaintiff's employer, First Student, who was the ultimate purchaser, for installation or post-installation inspection of the hand held units.  Rather, any "contract" regarding the installation of the units was between Co-Defendant Velociti and Plaintiff's employer, First Student.

6.     The issue of whether any "contract" existed by and between any of the parties or entities involved is a factual issue and one that does not require an expert opinion "to a reasonable degree of engineering certainty."  (See Exhibit A, Page 2 of 5, Paragraph 2.)

7.     In his report, Mr. Schwartz further concludes that, "Zonar Systems, Inc., through their agent, Velociti, installed the handheld charging units in the First Student buses at the Brodheadsville, PA location."  (See Exhibit A, Page 2 of 5, Paragraph 5.)

8.     It is specifically denied that Co-Defendant Velociti was an "agent" of Moving Defendant.  Further, the factual issue of whether any agency relationship existed between the parties is a factual issue and one that does not require an expert opinion "to a reasonable degree of engineering certainty."

9.    The "conclusions" drawn by Mr. Schwartz in his expert report with regards to Moving Defendant are based upon incorrect factual information with regards to the existence of a "contract" and with regards to the existence of an "agency" relationship between Moving Defendant and Co-Defendant Velociti.

10.    Under Federal Rules of Evidence Rule 702, " a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a)    The expert's scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b)    The testimony is based on sufficient facts or data."

Fed. Rules of Evid. Rule 702.

11.    In the present case, the conclusions drawn by Mr. Schwartz with regards to the existence of a "contract" or any other type of Agreement between Moving Defendant, Co-Defendant Velociti and/or any other party - an issue which is uncontested by and between the parties - is not one which requires an expert opinion and, certainly not one about which Mr. Schwartz can offer an opinion "to a reasonable degree of engineering certainty."  Further, as it is uncontested that there was no written agreement contract between Moving Defendant, Velociti and/or First Student for the installation of the units, the "opinion" rendered by Mr. Schwartz in that regard is not based upon accurate facts or data, as required under Federal Rule of Evidence 702(b).

12.    The issue of whether Moving Defendant acted through its "agent" and/or whether an agency relationship existed by Moving Defendant and Co-Defendant Velociti is a factual issue and not an issue that requires the factfinder to be aided by Mr. Schwartz's expertise or an opinion that can be rendered " to a reasonable degree of engineering certainty."  Thus, Mr.

3

Schwartz's "opinion" with regards to the existence of any agency relationship by and between any parties and/or whether Moving Defendant could be determined to have "installed" the units based upon any agency relationship is an issue for the factfinder that does not require any specialized scientific knowledge or opinion to understand the evidence or to determine a fact at issue.

WHEREFORE, Moving Defendant, Zonar Systems, Inc., respectfully requests that its Motion in Limine be granted and that Plaintiffs be precluded from presenting testimony or opinions from their expert, Harold Schwartz, P.E., that Moving Defendant had any responsibilities under a "contract" that neither existed nor is in evidence and/or that Moving Defendant was responsible for installation of the handheld units as a result of any "agency" relationship with Co-Defendant Velociti or any other parties, since such testimony from Mr. Schwartz does not require any scientific, technical or specialized knowledge to help the trier of fact understand the evidence or determine a fact in issue and because such testimony is not based upon sufficient facts or data.

Respectfully Submitted,

**WILLIAM J. FERREN & ASSOCIATES**

/S/ Michael J. Domanish, Esquire
Michael J. Domanish, Esquire
50 Glenmaura National Boulevard
Third Floor, Glenmaura Professional Plaza
Moosic, PA 18507
(570) 343-6570; (570) 343-5183 (fax)
**mdomanis@travelers.com**
ID No. 75932