# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHIRLEY DORSHIMER and ROBERT DORSHIMER | : |
| Plaintiffs | : |
| | : JUDGE MANNION |
| vs | : |
| ZONAR SYSTEMS, INC. | : CIVIL ACTION - LAW |
| | : JURY TRIAL DEMANDED |
| Defendant | : |
| and | : |
| VELOCITI, INC. | : |
| Additional Defendant | : No.: 3:13-CV-00553 |

## PLAINTIFFS' PRE-TRIAL MEMORANDUM

Pursuant to this Court's Pretrial Order and Local Rule 16.6, Plaintiffs, Shirley Dorshimer and Robert Dorshimer, her husband respectfully submit this Pre-Trial Memorandum.

**Date conference was held:**   **August 1, 2016**

**A.   STATEMENT AS TO FEDERAL COURT JURISDICTION:**

The jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1332, in that the Plaintiffs, Shirley Dorshimer and Robert Dorshimer ("Plaintiffs"), have diverse citizenship from Defendant, Zonar Systems, Inc. ("Zonar") and Additional Defendant Velociti, Inc. ("Velociti").

**B.     SUMMARY OF STATEMENT OF FACTS AND CONTENTIONS AS TO LIABILITY:**

**1.     Plaintiffs' Statement:**

This matter arises out of an incident that occurred on August 30, 2010. Specifically, on that date, the Plaintiff, Shirley Dorshimer, sustained injuries while in the course and scope of her employment as a bus driver for First Student. At the time, Mrs. Dorshimer was attempting to use a Zonar Systems, Inc. electronic vehicle inspection system as required by her employer. The charging unit for the Zonar System was mounted on the passenger side of Mrs. Dorshimer's bus against the front panel above the windshield. Installation was performed by Velociti. As Mrs. Dorshimer reached up from the floor of the bus to the area of the hand-held cradle, she was caused to fall down the steps and out of the bus on to the concrete floor of the First Student garage. Mrs. Dorshimer sustained severe, disabling injuries as a result.

In a Memorandum and Order filed by this Honorable Court on November 18, 2015, Plaintiffs' claims against Zonar for defective design and failure to warn were dismiss. Plaintiffs' remaining claims against Zonar sound in negligence. Plaintiffs' claims against Velociti also sound in negligence.

**2.     Zonar's Statement**

Plaintiff alleges that she sustained injuries on August 30, 2010, while attempting to use/access a Zonar hand held device that had been purchased by her employer, First Student and installed by Co-Defendant, Velociti, pursuant to a contract agreement with First Student. The location for the installation of the Zonar equipment was done in opposition to the specific written instructions for the installation in a location determined by First Student and/or Velociti, without any input or guidance from Zonar, who was not a party to the transaction or in any way involved in the installation of the units. Further, Zonar was not required to, nor did it, inspect the installation of the hand-held units inside of the First Student busses, after installation. Further, it is unclear the reason for Plaintiff's fall and whether Plaintiff was even using or attempting to access the device when she fell.

**3.     Velociti's Statement:**

To be provided by Velociti.

C. **A COMPREHENSIVE STATEMENT OF UNDISPUTED FACTS AS AGREED TO BY COUNSEL AT THE CONFERENCE OF ATTORNEYS REQUIRED BY LOCAL RULE 16.3. FACTS SHOULD BE DENIED UNLESS OPPOSING COUNSEL EXPECTS TO PRESENT CONTRARY EVIDENCE OR GENUINELY CHALLENGES THE FACT ON CREDIBILITY GROUNDS. THE PARTIES MUST REACH AGREEMENT ON UNCONTESTED FACTS EVEN THOUGH RELEVANCY IS DISPUTED:**

**Plaintiffs' Statement**

Plaintiffs respectfully request a Stipulation as to the following:

1. That Plaintiff, Shirley Dorshimer, was involved in an accident on August 30, 2010 while employed as a bus driver for First Student;

2. That Plaintiff's accident occurred in the course and scope of her employment with First Student;

3. That First Student, Plaintiff's employer at the time of the accident, has asserted a workers' compensation lien in the amount of $250,868.91; and

4. That the treatment records produced by various treating physicians during the course of discovery are stipulated to be authentic without the need for testimony on that issue.

**Zonar's Statement**

Zonar respectfully requests a Stipulation as to the following:

1. That Zonar's equipment was purchased by Plaintiff's employer, First Student.

2. That First Student contracted directly with Velociti for the installation of the Zonar unit on the bus operated by Plaintiff.

3. That Zonar had no contract or agreement with either First Student or

    Velociti regarding the installation of the Zonar units in the First Student busses in or around October-November, 2008.

4.  That First Student and/or Velociti made the determination and/or decision where to install the unit on the bus operated by Plaintiff without any input, recommendation and/ or involvement by Zonar, and in opposition to the specific instructions and guidelines provided by Zonar regarding the installation of the unit.

5.  That the treatment records produced by various treating physicians during the course of discovery are stipulated to be authentic without the need for testimony on that issue.

  **Velociti's Statement**

  To be provided by Velociti.

D.  **A BRIEF DESCRIPTION OF DAMAGES:**

Mrs. Dorshimer sustained numerous injuries and required extensive medical attention as a result of the occurrences of August 30, 2010. Specifically, Mrs. Dorshimer has been diagnosed as suffering from the following injuries:

1.  Moderate traumatic brain injury with subarachnoid hemorrhage involving the left temporal lobe of brain which has resulted in the following:

   - Persistent balance dysfunction secondary to central vestibula impairment
   - Language impairment associated with temporal lobe injury
   - Impairment of input of visual language information through the act of reading as a result of injury to the temporal lobe

2.  Aggravation of anxiety associated with cerebral concussion which has resulted in impaired coping mechanisms for stressful situations.

3.  Right distal radius fracture requiring ORIF which is at maximal medical improvement, but with persistent impairment of range of motion and strength of 25 percent of normal.

4. Right CMC arthritis which required a right CMC arthroplasty, as a direct result of an aggravation of mild CMC arthritis sustained in the fall of 8/30/10.

5. Visual impairment associated with central visual disturbance associated with her head trauma and right retinal hemorrhage which started directly following the above noted fall of 8/30/10.

6. Partial retinal injury to the right eye which subsequently became more problematic and obvious with time, ultimately requiring surgical repair.

As a result of the physical injuries and resulting limitations suffered by Shirley Dorshimer, she has been unable to return to work as a school bus driver. At the time of her injury, in consideration of Mrs. Dorshimer's earning record, she had a pre-injury earning capacity of $34,949.00 to $41,419.00. Based upon these earnings and in consideration of Mrs. Dorshimer's ability to work into the future, she has sustained a wage loss in the range fo $374,436.00 to $535,408.00.

As referenced above, Mrs. Dorshimer was in the course and scope of her employment with First Student at the time of her accident. All medical bills related to her injury have been paid by the workers' compensation insurance carrier, Sedgwick. Medical bills paid by Sedgwick establish the admissible amount of medical bills pursuant to Moorehead. Medical bills paid by Sedgwick related to Mrs. Dorshimer's work injury total $107,357.21.

**E.  NAMES AND ADDRESSES OF WITNESSES, ALONG WITH SPECIALTIES AND QUALIFICATIONS OF EXPERTS TO BE CALLED:**

**Plaintiffs' Witness List**

See attached **Exhibit "A"**.

**Zonar's Witness List**

See Document Number 61.

**Velociti's Witness List**

To be provided by Velociti.

F.  **SUMMARY OF TESTIMONY OF EACH EXPERT WITNESS:**

**Plaintiff's Summary of Expert Testimony**

1. Harold A. Schwartz, P.E., will testify consistent with his findings as set forth in his reports and as permitted by this Court pursuant to its Order of November 18, 2015. A copy of the reports of Mr. Schwartz are attached hereto, made a part hereof and marked as **Exhibit "1"**.

2. Paul W. Horchos, D.O., will testify consistent with his findings as set forth in his report of November 12, 2014, a copy of which is attached hereto, made a part hereof and marked as **Exhibit "2"**.

3. Willian E. Walker, CRC, CDMS, CCM, M.Ed., will testify consistent with his findings as set forth in his report of October 2, 2014, a copy of which is attached hereto, made a part hereof and marked as **Exhibit "3"**.

**Zonar's Summary of Expert Testimony**

1. Michael Banas, M.D., will testify (via video) consistent with his findings as set forth in his reports of July 30, 2014, September 2, 2014 and July 22, 2014, copies of which are attached hereto, made a part hereof and marked as **Exhibit "4"**.

2. Thomas Swirsky-Sacchetti, Ph. D., will testify (via video) consistent with his findings as set forth in his report of November 11, 2014, a copy of which is attached hereto, made a part hereof and marked as **Exhibit "5"**.

3. Richard Fischbein, M.D. will testify consistent with his findings as set forth in his report of May 30, 2016, a copy of which is attached hereto, made a part hereof and marked as **Exhibit "6"**.

4. Jasen M. Walker, Ed.D, CRC, CCM, will testify consistent with his findings as set forth in his report of June 25, 2015, a copy of which is attached hereto, made a part hereof and marked as **Exhibit "7"**.

5.     Kirk L. Thibault, Ph. D., will testify consistent with his findings as set forth in his report of July 15, 2015, a copy of which is attached hereto, made a part hereof and marked as **Exhibit "8"**.

**Velociti's Summary of Expert Testimony**

To be provided by Velociti.

G.     <u>**SPECIAL COMMENT ABOUT PLEADINGS AND DISCOVERY INCLUDING DEPOSITIONS AND THE EXCHANGE OF MEDICAL REPORTS**</u>**:**

None at this time.

H.     <u>**A SUMMARY OF LEGAL ISSUES INVOLVED AND LEGAL AUTHORITIES RELIED UPON**</u>**:**

**Plaintiff's Summary of Legal Issues**

This is a negligence matter. The issues to be decided include the following:

a.     Whether Defendant, Zonar, was negligent;
b.     If the Defendant Zonar was negligent, whether its negligence was a factual cause in bringing about the Plaintiff's harm;
c.     Whether the Additional Defendant, Velociti, was negligent;
d.     If the Additional Defendant, Velociti, was negligent, whether its negligence was a factual cause in bringing about the Plaintiff's harm;
e.     Whether the Plaintiff, Shirley Dorshimer, was contibutorily negligent;
f.     If the Plaintiff, Shirley Dorshimer, was negligent, whether her negligence was a factual cause in bringing about her harm;
g.     If more than one party was negligent, a comparison of their negligence on a 100% basis;
h.     The damages sustained by Shirley Dorshimer including both compensatory and non-compensatory damages; and
i.     Loss of consortium sustained by Robert Dorshimer.

I.     <u>**STIPULATIONS DESIRED**</u>**:**

Please see Section "C" above.

**J.     ESTIMATED NUMBER OF TRIAL DAYS:**

The parties estimate that the trial of this matter will last at least 5 days, including jury selection.

**K.     OTHER MATTERS PERTINENT TO THE CASE TO BE TRIED:**

**Plaintiffs' Statement**

None at this time.

**Zonar's Statement**

None at this time.

**Velociti's Statement**

None at this time.

**L.     PURSUANT TO LOCAL RULE 16.3 APPEND TO THIS MEMORANDUM A PRE-NUMBERED SCHEDULE OF EXHIBITS, WITH BRIEF IDENTIFICATION OF EACH, ON THE CLERK'S EXHIBIT FORM.**

**Plaintiffs' Exhibit List**

See attached **Exhibit "B"**.

**Zonar's Exhibit List**

See Document Number 60.

**Velociti's Exhibit List**

To be provided by Velociti.

**M.    APPEND ANY SPECIAL VERDICT QUESTIONS WHICH COUNSEL DESIRES TO SUBMIT:**

The parties will develop a Joint Verdict Sheet and provide the same to the Court prior to trial.

**N.    DEFENSE COUNSEL MUST FILE A STATEMENT THAT THE PERSON OR COMMITTEE WITH SETTLEMENT AUTHORITY HAS BEEN NOTIFIED OF THE REQUIREMENTS OF AND POSSIBLE SANCTIONS UNDER LOCAL RULE 16.2**

Zonar and Velociti certify that it has been notified of the requirements of and possible sanctions under local rule 16.2.  Zonar and Velociti further certify that the necessary representatives with full settlement authority will attend the final Pre-Trial Conference by phone.

**0.    CERTIFICATE MUST BE FILED AS REQUIRED UNDER LOCAL RULE 30.10 THAT COUNSEL HAVE MET AND REVIEWED DEPOSITIONS AND VIDEOTAPES IN AN EFFORT TO ELIMINATE IRRELEVANCIES, SIDE COMMENTS, RESOLVED OBJECTIONS, AND OTHER MATTERS NOT NECESSARY FOR CONSIDERATION BY THE TRIER OF FACT:**

**P.    IN ALL TRIALS WITHOUT A JURY, REQUESTS FOR FINDINGS OF BOTH FACT AND LAW SHALL BE SUBMITTED WITH THIS MEMORANDUM AS REQUIRED UNDER LOCAL RULE 48.2:**

| /s/ James J. Conaboy | /s/ Michael Domanish |
|---|---|
| James J. Conaboy, Esquire | Michael Domanish, Esquire |
| Attorney for Plaintiffs | Attorney for Zonar Systems, Inc. |
| Abrahamsen, Conaboy & Abrahamsen, P.C. | William J. Ferren & Associates |
| 1006 Pittston Avenue | 50 Glenmaura National Boulevard |
| Scranton, PA 18505 | Moosic, PA 18507 |

## **CERTIFICATION OF COUNSEL REQUIRED BY LOCAL RULE 30.10**

I, James J. Conaboy, counsel for the Plaintiff, hereby certify that I have met with defense counsel in an effort to eliminate irrelevancies, side comments, resolved objections and other matters not necessary for consideration by the trier of fact.

Respectfully Submitted,

Abrahamsen, Conaboy & Abrahamsen, P.C.

By:  /s/ James J. Conaboy
James J. Conaboy, Esquire
Attorney ID No.: 77987

1006 Pittston Avenue
Scranton, PA 18505
(570) 348-0200
jconaboy@law-aca.com

## CERTIFICATE OF SERVICE

I, James J. Conaboy, Esquire, hereby certify that I have this __3rd__ day of August, 2016 served a true and correct copy of the foregoing PLAINTIFFS' PRE-TRIAL MEMORANDUM upon the following listed below, via ECF:

Michael Domanish, Esquire
William J. Ferren & Associates
50 Glenmaura National Boulevard
Third Floor, Glenmaura Professional Plaza
Moosic, PA 18507

Kevin J. Ruane, Esquire
Hendrzak & Lloyd
3701 Corporate Parkway, Suite 100
Center Valley, PA 18034

                                               /s/ James J. Conaboy
                                               James J. Conaboy, Esquire