# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHIRLEY DORSHIMER and ROBERT DORSHIMER | : | |
| Plaintiffs | : | |
| | : | JUDGE MANNION |
| vs | : | |
| ZONAR SYSTEMS, INC. | : | CIVIL ACTION - LAW |
| | : | JURY TRIAL DEMANDED |
| Defendant | : | |
| and | : | |
| VELOCITI, INC. | : | |
| Additional Defendant | : | No.: 3:13-CV-00553 |

**PLAINTIFFS' BRIEF IN OPPOSITION TO**
**MOTION IN LIMINE OF ZONAR SYSTEMS, INC.**

NOW COME the Plaintiffs, Shirley Dorshimer and Robert Dorshimer, and hereby submit the following brief in opposition to the Motion in Limine of the Defendant, Zonar Systems, Inc., as follows:

**I.   COUNTER-STATEMENT OF THE FACTS**

This matter arises out of an incident that occurred on August 30, 2010. Specifically, on that date, the Plaintiff, Shirley Dorshimer, sustained injuries while in the course and scope of her employment as a bus driver for First Student. At the time, Mrs. Dorshimer was attempting to use a Zonar Systems, Inc. electronic vehicle

inspection system as required by her employer. The charging unit for the Zonar System was mounted on the passenger side of Mrs. Dorshimer's bus against the front panel above the windshield. Installation was performed by Velociti. As Mrs. Dorshimer reached up from the floor of the bus to the area of the hand-held cradle, she was caused to fall down the steps and out of the bus on to the concrete floor of the First Student garage. Mrs. Dorshimer sustained severe, disabling injuries as a result.

In a Memorandum and Order filed by this Honorable Court on November 18, 2015, Plaintiffs' claims against Zonar for defective design and failure to warn were dismiss. Plaintiffs' remaining claims against Zonar sound in negligence. Plaintiffs' claims against Velociti also sound in negligence.

On Friday, July 29, 2016, Defendant, Zonar Systems, Inc., filed a Motion in Limine seeking to preclude certain testimony of the Plaintiffs' expert, Harold A. Schwartz, P.E. Plaintiffs submit this brief in opposition to Defendant's filing.

II. <u>COUNTER-STATEMENT OF ISSUES INVOLVED</u>:

**WHETHER PLAINTIFFS EXPERT'S STATEMENT THAT DEFENDANT, ZONAR, WAS RESPONSIBLE TO ENSURE THE PROPER INSTALLATION OF THE HANDHELD UNIT BY VELOCITI PURSUANT TO ITS CONTRACT AND GUIDELINES IS ADMISSIBLE PURSUANT TO F.R.E. 702.**

**SUGGESTED ANSWER: IN THE AFFIRMATIVE.**

**III.   ARGUMENT:**

The admission of expert testimony is governed by Rule 702 of the Federal Rules of Evidence which states:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (l) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles or methods, and (3) the witness has applied the principals and methods reliably to the facts of the case.

In our circuit the scope of Rule 702 has been amplified and clarified in Schneider v. Fried, 320 F.3d 396 (3d Circ.2003). More specifically, Schneider, supra at 404, holds that ... Rule 702 embodies a trilogy of restrictions on expert testimony: qualification, reliability and fit (citing Daubert v. Merrell Dow Plurmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)).  Qualification refers to requirement that the witness possess special expertise.  Courts have interpreted this requirement liberally, holding that "a broad range of knowledge, skills, and trading qualify an expert." Id.  Secondly, the testimony must be reliable; it "must be based on 'methods of procedures of science' rather than on 'subjective belief or unsupported speculation'; the expert must have 'good grounds' for his or her belief. In sum, Daubert holds that an inquiry into the reliability of scientific evidence under

Rule 702 requires a determination as to its scientific validity." Paoli II, 35 F.3d at 742 (quoting Daubert, 509 U.S. at 5900). Finally, Rule 702 requires that the expert testimony must fit the issues in the case. In other words, the expert's testimony must be relevant for the purposes of the case and must assist the trier of fact. The Supreme Court explained in Daubert that Rule 702's 'helpfulness' standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility. 509 U.S. at 591-92.

In a significant post-Daubert ruling, the Third Circuit held that Rule 702 "has a liberal policy of admissibility." Kannankerilv. Terminix, 128 F.3d 802, 806 (3d. Cir.1997). It has also been held that "[i]t is an abuse of discretion to exclude testimony simply because the trial court does not deem the proposed expert to be the best qualified, or because the proposed expert does not have the specialization that the Court considers most appropriate."

In the instant matter, it is undisputed that Zonar had a contract with First Student through which sold the handheld devices. It is further undisputed that Zonar provided installation guidelines. Additionally, Plaintiff will introduce into evidence at the time of trial evidence that Zonar had a responsibility for quality assurance.

As has been previously submitted to this Court, both Zonar and Velociti admit that Zonar introduced Velociti to First Student. (See deposition of Andre

4

Horochiwiski, attached to Defendant's Motion for Summary Judgment as Exhibit "C" at page 42; see deposition of Tim Katz, attached to Defendant's Motion for Summary Judgment as Exhibit "F" at page 40). Further, Mr. Horochiwsky, a Zonar witness, testified that after their Pleasant Valley School District job, Zonar was to ensure compliance with the hand-held location. (See Deposition of Andre Horochiwsky, Defendant's Exhibit "C", at pages 64-65). Zonar was to do this by performing a quality assurance check. (See Id. at page 67). Further, Zonar did perform a quality assurance check. As Jacob Judd, the Velociti employee who installed the Zonar systems onto the First Student buses at Pleasant Valley testified, Jacob Gabbard of Zonar was present on site during the install. (See deposition of Jacob Judd, attached to Defendant's Motion for Summary Judgment as Exhibit "L"). Mr. Gabbard was present for purposes of quality control. (See Id. at page 45). As Mr. Judd described, Mr. Gabbard was there to make sure that Mr. Judd was doing his job right. (Id. at pages 123, 125). In performing quality control, Mr. Gabbard checked the placement of every hand-held on every bus. (Id. at page 125). Despite being on site and reviewing the placement of every hand held, Zonar did not object to the location. (Id. at page 51). This is true despite the fact that Zonar employees, in their deposition testimony, acknowledge that the installation was done incorrectly. (See deposition of Lonnie Flint, attached to Defendant's Motion for Summary Judgment as Exhibit

5

"G").

Additionally, Zonar undertook a duty to train the Velociti employees appropriately. They failed in this obligation as well. According to Mr. Judd, he was trained by Velociti on both the type of bus and the location of the hand-held to be placed in the bus. (See deposition of Jacob Judd, attached to Defendant's Motion for Summary Judgment as Exhibit "L" at page 28). Zonar and Velociti worked together to determine the safe placement of the cradle for the hand-held. (See deposition of Eric Kloss, attached to defendant's Motion for Summary Judgment as Exhibit "A", at page 47). Despite knowing that placement over the stairwell of the bus was unsafe, Zonar failed to appropriately train the Velociti installers so as to prohibit this unsafe placement. This failure led to the unfortunate events involving Shirley Dorshimer on August 30, 2010.

In reviewing the materials in this matter, Mr. Schwartz had an opportunity to review all of the above testimonies. Based upon his educational achievements, work experience and professional associations, Mr. Schwartz was able to combine his review of the above testimony with his analysis of the accident of August 30, 2010 and to draw a conclusions as to the cause of the accident.

This Court has previously determined, in denying Defendant's Motion for Summary Judgment, that Plaintiffs may present evidence on the issue of whether

Zonar had an obligation to perform quality assurance work. Mr. Schwartz possesses the requisite level of expertise to assist the jury in understanding the nature and cause of this accident, including the obligations of Zonar to perform quality assurance work and the ramifications of its failure to do so. Under the liberal standard for the qualifications of experts as set forth by the Third Circuit, it would be an abuse of discretion to conclude that Mr. Schwartz is not properly qualified to testify as to the cause of this accident and that the steps that the Defendants, including Zonar, potentially could have taken to prevent it. For these reasons, Defendant's Motion in Limine must be denied.

**IV.   CONCLUSION:**

For all of the foregoing reasons, it is respectfully requested that an Order be entered denying the Motion in Limine of Defendant, Zonar Systems, Inc.

                Respectfully submitted,

                Abrahamsen, Conaboy & Abrahamsen, P.C.

By:    /s/ James J. Conaboy
        James J. Conaboy, Esquire
        Attorney ID Number:   77987

        1006 Pittston Avenue
        Scranton, PA 18505
        (570) 348-0200
        jconaboy@law-aca.com

## **CERTIFICATE OF SERVICE**

I, James J. Conaboy, Esquire, hereby certify that I have this __5th__ day of August, 2016 served a true and correct copy of the foregoing PLAINTIFFS' BRIEF IN OPPOSITION TO MOTION IN LIMINE OF ZONAR SYSTEMS, INC. upon the following listed below, via ECF:

Michael Domanish, Esquire
William J. Ferren & Associates
50 Glenmaura National Boulevard
Third Floor, Glenmaura Professional Plaza
Moosic, PA 18507

Kevin J. Ruane, Esquire
Hendrzak & Lloyd
3701 Corporate Parkway, Suite 100
Center Valley, PA 18034

                                                    /s/ James J. Conaboy
                                                    James J. Conaboy, Esquire