**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHIRLEY DORSHIMER and** | : | |
| **ROBERT DORSHIMER** | : | |
| **Plaintiffs** | : | **CIVIL ACTION NO. 3:13-0553** |
| | : | |
| **v** | : | |
| | : | **(JUDGE MANNION)** |
| **ZONAR SYSTEMS, INC., and** | : | |
| **VELOCITI, INC.** | : | |
| **Defendants** | : | |

**MEMORANDUM**

## I.   BACKGROUND

This is a negligence action arising from an incident in which plaintiff Shirley Dorshimer was injured at work on August 30, 2010. Plaintiff was employed as a school bus driver for First Student, Inc. when she fell from the step of her bus. Plaintiff alleges that a handheld device manufactured by Zonar Systems, Inc. ("Zonar") used to conduct pre-trip and post-trip vehicle inspections by bus drivers had been mounted in her bus in a location above the windshield and over the steps in such a manner that she was placed in an awkward and unstable position while reaching for it. As a result, plaintiff fell down the steps of the bus while reaching for the handheld device and suffered injuries, including a concussion and an injury to her right wrist. Presently, the case is scheduled for trial starting on October 24, 2016.

Zonar filed a motion *in limine* on July 29, 2016, (Doc. 58), and attached a copy of the June 11, 2015 Report of plaintiff's expert engineer Harold A.

Schwartz, P.E., (Doc. 58-1). On August 5, 2016, plaintiff filed her brief in opposition in response to Zonar's motion. (Doc. 67). Defendant Velociti, Inc. concurs with the motion. (Doc. 62).[1]

Zonar seeks to exclude portions of plaintiff's expert report prepared by Schwartz in which he opines that a contract existed between some of the parties and that an agency relationship existed between Zonar and its co-defendant, Velociti, Inc. ("Velociti"). Zonar states that the issue of whether any contract existed between any of the parties and the issue of whether any agency relationship existed between the defendants are factual issues and ones that do not require an expert opinion "to a reasonable degree of engineering certainty." Zonar claims that these opinions have no factual basis and are not admissible at trial under FRE 702. The court finds that the jury will determine whether a contract existed between any of the parties and whether an agency relationship existed between Zonar and Velociti. There is an insufficient factual basis for Schwartz's opinions on these issues and thus, his opinions will not be allowed. Therefore, the motion will be **GRANTED**.[2]

---

[1]On August 3, 2016, the parties also filed a Stipulation in lieu of a motion *in limine* agreeing that neither plaintiff's counsel nor Schwartz will make any reference to the statements or "anticipated testimony" attributed to Eric Kloss and Jason McIntosh within Schwartz's report and they will make no reference to the letter from plaintiff's counsel in which these statements are contained if these two witnesses do not testify at trial. (Doc. 63).

[2]Since the complete factual and procedural backgrounds of this case were detailed in the court's November 18, 2015 memorandum, they shall not be repeated herein. *See* Dorshimer v. Zonar Systems, Inc., 145 F.Supp.3d

Suffice it to say that summary judgment was granted to Zonar on plaintiff's strict liability claim for design defect and failure to warn, Count I, and that summary judgment was denied on plaintiff's claim for negligence, Count II. As such, plaintiff's negligence claim against both Zonar and Velociti is proceeding to trial.[3]

## II.   STANDARD OF REVIEW

The motion at issue seeks to exclude expert testimony and evidence from Schwartz at trial. The admissibility of expert testimony is governed by under FRE 702, which requires an expert witness to have "specialized knowledge" regarding the area of testimony. The Third Circuit has explained, "[t]he basis of this specialized knowledge can be practical experience as well as academic training and credentials," and "[w]e have interpreted the specialized knowledge requirement liberally." Betterbox Commc'ns Ltd. v. BB Techs., Inc., 300 F.3d 325, 327-28 (3d Cir. 2002) (internal citations omitted). The Federal Rules of Evidence embody a strong preference for admitting any evidence that may assist the trier of fact. Id. Moreover, Rule 702 "has a liberal policy of admissibility." Kannankeril v. Terminix Int'l, Inc., 128 F.3d 802, 806

_____

339 (M.D.Pa. 2015).

[3]Jurisdiction of this court is based on diversity pursuant to 28 U.S.C. §1332(a). As such, the substantive law of Pennsylvania is utilized. *See* Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817 (1938); *see also* Guaranty Trust Co. v. York, 326 U.S. 99, 108, 65 S.Ct. 1464 (1945).

(3d Cir. 1997) .

When faced with a proffer of expert testimony, the court must determine "whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." Daubert, 509 U.S. at 592. The *Daubert* Court held that the Federal Rules of Evidence "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Id., at 597. The test of reliability is "flexible," and *Daubert*'s list of specific factors - testing, peer review, error rates, and "acceptability" in the relevant scientific community -  neither necessarily nor exclusively applies to all experts or in every case. Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 141 (1999).

In performing its gatekeeping function to determine whether an expert's report is relevant and reliable under *Daubert* and Rule 702, "the court is not to weigh the evidence relied upon or determine whether it agrees with the conclusions reached therein. . . . Determinations regarding the weight to be accorded, and the sufficiency of, the evidence relied upon by the proffered expert are within the sole province of the jury." Walker v. Gordon, 46 F. App'x 691, 695 (3d Cir. 2002) (citing Breidor v. Sears, Roebuck & Co., 722 F.2d 1134, 1138-39 (3d Cir. 1983) ("Where there is a logical basis for an expert's opinion testimony, the credibility and weight of that testimony is to be determined by the jury, not the trial judge.")).

4

Additionally, experts can provide an opinion about the ultimate issue in a case, but may not give an opinion tied to any legal conclusion, such as whether a defendant was negligent. Patrick v. Moorman, 536 Fed. App'x 255, 258 (3d Cir. 2013)(citing Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 217 (3d Cir. 2006); United States v. Leo, 941 F.2d 181, 196–97 (3d Cir. 1991)).

## III.   DISCUSSION

Zonar seeks to exclude portions of Schwartz's expert report to the extent he concludes that a contract or any other type of agreement existed between Zonar, Velociti and/or First Student for the installation of the units on the buses. Zonar claims that this opinion has no factual basis and is not admissible at trial under FRE 702. Zonar also contends that the issue of whether it acted through its so-called "agent" and/or whether an agency relationship existed between it and Velociti is a factual issue for the jury to decide and not an issue that requires the jury to be aided by Schwartz's engineering expertise.

As this case proceeded toward trial, the plaintiff commissioned a report from Schwartz, a professional engineer. In his report, Schwartz concludes, in part, that Zonar was responsible for plaintiff's fall due to "the unsafe mounting location of the handheld charging device" and that "[a]lthough Zonar did not physically install the units, [Zonar was] responsible to ensure that they were properly installed by Velociti under their contract and the guidelines provided

5

by Zonar." (Doc. 58-1, at 2). Zonar states that it did not have a written contract or agreement with either Velociti or plaintiff's employer, First Student, "who was the ultimate purchaser, for installation or post-installation inspection of the hand held units." Rather, Zonar states that any contract regarding the installation of the units was between Velociti and First Student.

Schwartz also concludes that, "Zonar [], through their agent, Velociti, installed the handheld charging units in the First Student buses at the Brodheadsville, PA location." (Id.). Zonar states that the issue of whether it acted through its "agent" and whether an agency relationship existed between it and Velociti is a factual issue for the jury to resolve. Zonar also states that the issue as to agency is not an issue that requires the jury to be aided by Schwartz's expertise or an opinion that Schwartz can render "to a reasonable degree of engineering certainty."

Further, Zonar states that the issues regarding whether a contract existed and whether an agency relationship existed are not appropriate matters for an engineering expert and, that Schwartz's opinions regarding these issues are based on incorrect factual information and are not supported by the record. Zonar correctly points out that with respect to the contract issue, it is undisputed that Zonar was not party to any written agreement or contract with regards to the installation of the units by Velociti on First Student's buses. As this court indicated in its November 18, 2015 memorandum, First Student entered into an agreement with Velociti in July

6

of 2008 to have Velociti install Zonar systems in First Student buses at several locations, including Brodheadsville. The agreement between First Student and Velociti was contained in a in a July 31, 2008 document titled "First Student Zonar Project." (Doc. 34-5). Additionally, there was no reference or requirement in the document for Zonar to inspect any of Velociti's work for First Student. Thus, as Zonar states, there is no factual basis for Schwartz's opinion regarding the existence of a contract between Zonar and Velociti and it should be precluded under Fed. R. Evid. 702. Further, "[w]hether a contract exists is a factual issue for the trier of fact to determine unless there is no genuine issue of material fact." York Excavating Co., Inc. v. Employers Ins. of Wausau, 834 F.Supp. 733, 740 (M.D.Pa. 1993).

Moreover, under Pennsylvania law, "[t]he existence of an agency relationship is a question of fact. The party claiming that an agency relationship exists has the burden of so showing. This burden ultimately requires the party asserting agency to prove it by a fair preponderance of the evidence." Rantnetwork, Inc. v. Underwood, 2012 WL 1021326, at *5 (M.D.Pa. March 26, 2012) (internal citations omitted).

Zonar relies upon Federal Rules of Evidence 702 to support its present motion.

Federal Rule of Evidence 702 provides that:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise, if:

7

> (a)   the expert's scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue;
> (b)   the testimony is based upon sufficient facts or data;
> (c)   the testimony is the product of reliable principles and methods;
> (d)   the expert has reliably applied the principles and methods to the facts of the case.

Fed.R.Evid. 703 provides:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

The Third Circuit stated in Walker v. Gordon, 46 Fed.Appx. 691, 694 (3d Cir. 2002), "[t]he District Court has broad discretion in determining the admissibility of evidence, and 'considerable leeway' in determining the reliability of particular expert testimony under *Daubert*." (citing Kumho Tire, 526 U.S. at 152-53." The *Walker* Court also stated that "*Daubert* requires that, when faced with a proffer of expert testimony, a trial judge determines 'whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue.'" Id. (citing Daubert, 509 U.S. at 592, 113 S.Ct. 2786). "These gatekeeping requirements have been extended to apply to all expert testimony." Id. (citing Kumho Tire, 526 U.S. at 147.).

8

Further, the court in Walker, 46 Fed.Appx. at 694, stated:

> In accordance with *Daubert*, trial courts are required to apply a reliability analysis to an expert's opinion; that opinion is "reliable" if it is based on the "methods and procedures of science" rather than on "subjective belief or unsupported speculation." In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 742 (1994) (quoting *Daubert*, 509 U.S. at 590). In other words, the expert must have "good grounds" for his belief. *Id.* at 741-42 (explaining how Rule 702, which governs the use of expert testimony in the federal courts, embodies three distinct substantive restraints on the admission of expert testimony: qualifications, reliability and fit).

An expert need only have "good" grounds for his opinion. The basis might be imperfect to such a degree that the court would find there is some different conclusion that has stronger evidentiary support, but that does not justify exclusion. In re Paoli R.R. Yard PCB Litigation, 35 F.3d 717, 744 (3d Cir. 1994). Further, an expert's opinion must be supported by sufficient facts. ZF Meritor, LLC v. Eaton Corp., 696 F.3d 254, 290 (3d Cir. 2012). "When an expert opinion is not supported by sufficient facts to validate it in the eyes of the law, or when indisputable record facts contradict or otherwise render the opinion unreasonable, it cannot support a jury's verdict." Brooke Group Ltd. v. Brown & Williamson Tobacco Corp., 509 U.S. 209, 242, 113 S.Ct. 2578 (1993).

The court finds that the jury will determine whether any contract existed and whether an agency relationship existed between Zonar and Velociti. Schwartz's testimony on these issues will not assist the jury. Nor will Schwartz be allowed to speculate on these issues. *See* In re Flonase Antitrust

Litigation, 884 F.Supp .2d 184, 190 (E.D.Pa. 2012) (Court stated that "[f]or an expert's testimony to be reliable, it "must be based on [ ] methods and procedures ... rather than subjective belief or speculation" and, that an "expert's testimony must be accompanied by a sufficient factual foundation before it can be submitted to the jury.") (citations omitted). Thus, the expert's testimony must fit the issues in the case. Id.

Plaintiff states that Schwartz is qualified to testify as to the cause of her accident and what steps both defendants could have taken to prevent it. (Doc. 67). Plaintiff also states that Zonar provided installation guidelines for Velociti and that Zonar had a responsibility for quality assurance when Velociti was installing the handheld units for First Student at PVSD. Additionally, plaintiff states that Zonar undertook a duty to train Velociti's employees on how to properly install its units, including the location of the units on the buses. Based on this evidence, plaintiff maintains that Schwartz should be able to testify that Zonar failed to appropriately train Velociti's installers and failed to perform its quality assurance duty as to the placement of the unit on plaintiff's bus, and that these failures led to her accident. Even though plaintiff will be permitted to present evidence on these issues and Schwartz will be permitted to opine on these issues, he will not be permitted to testify regarding the existence of a contract between Zonar and Velociti nor whether an agency relationship existed between Zonar and Velociti.

Thus, Schwartz is not qualified under FRE 702 to render opinions on

10

contract law and agency and his opinions only on these two issues will be precluded.

## IV.    CONCLUSION

For the reasons discussed above, Zonar's motion *in limine*, (Doc. 58), is **GRANTED**. An appropriate order shall issue.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**


**DATED: August 8, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-0553-02.wpd

11